UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **DONNA HARRIS,** *as Co-Personal Representative of estate of* **William J. Harris, deceased,** *et al.*,<br><br>    **Plaintiffs,**<br><br>    v.<br><br>**LANDMARK RECOVERY OF CARMEL LLC,** *doing business as* **Praxis of South Bend by Landmark Recovery,** *et al.*,<br><br>    **Defendant,** | Case No. 3:23-cv-00862-DRL-SLC |

**OPINION AND ORDER**

On January 3, 2024, Defendants filed a motion to compel disclosure, asking that the Court order Plaintiffs to provide complete initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii) and (iii). (ECF 47). Plaintiffs filed a response brief in opposition to the motion on January 17, 2024 (ECF 50), and Defendants filed a reply brief on January 24, 2024 (ECF 53). Once the motion was fully briefed, the Court set the motion for a telephonic hearing on February 16, 2024. (ECF 57).

Now before the Court is Plaintiffs' motion to strike, together with a supporting brief and a purported Local Rule 37-1 certification, filed on February 6, 2024—the day after the Court set a hearing on the motion to compel—seeking to strike Defendants' motion to compel. (ECF 58-ECF 60).[1] Having reviewed the motion to strike, the Court considers it more akin to a surrreply to the motion to compel than a properly filed motion to strike, as the motion essentially piggy-

---

[1] The certification does not include all of the information required by Local Rule 37-1(a).

backs on Plaintiff's various arguments challenging the motion to compel already set forth in Plaintiff's response brief filed on January 17, 2024.

The Local Rules permit parties to file a motion, a response, and a reply, "but [do] not contemplate the filing of a surreply or response to the reply brief." *Lafayette Life Ins. Co. v. City of Menasha, Wis.*, No. 4:09 cv 64, 2010 WL 4553667, at *1 (N.D. Ind. Nov. 3, 2010) (citing N.D. Ind. L.R. 7-1(a)). "This Court generally doesn't permit litigants to file a surreply brief." *Hall v. Forest River, Inc.*, No. 3:04-CV-259-RM, 2008 WL 1774216, at *1 n.1 (N.D. Ind. Apr. 15, 2008) (citation omitted). Occasionally, a surreply may be allowed with leave of Court "when it raises or responds to some new issue or development in the law." *See id.*; *see also Merril Lynch Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, No. 2-09-CV-158, 2009 WL 3762974, at *1 (N.D. Ind. Nov. 9, 2009).

Here, the Court DEEMS Plaintiffs' motion to strike (ECF 58) to be a surreply to the motion to compel (ECF 47). Because Plaintiffs did not obtain leave of Court to file the surreply, and the Local Rules do not provide for the filing of a surreply, the Court *sau sponte* DIRECTS the Clerk to STRIKE the surreply (ECF 58), the supporting brief (ECF 59), and the certificate (ECF 60).

SO ORDERED.

Entered this 8th day of February 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge