UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **DONNA HARRIS,** *as Co-Personal Representative of estate of* **William J. Harris,** deceased, *et al.*, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CAUSE NO. 3:23-cv-00862-CCB-ALT<br>) |
| **LANDMARK RECOVERY OF CARMEL LLC,** *doing business as* **Praxis of South Bend by Landmark Recovery,** *et al.*, | )<br>)<br>)<br>) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court is a motion to compel filed by Plaintiffs on October 7, 2025, seeking to compel Defendants to respond to Plaintiffs' First Request for Production No. 18 and Third Request for Production Nos. 1 and 2. (ECF 147).[1] Defendants filed a response brief on October 21, 2025 (ECF 150), asserting the motion should be denied as untimely (ECF 150), to which Plaintiffs filed a reply brief (ECF 151). On October 29, 2025, the Court noted that Plaintiffs' certification regarding discovery dispute (ECF 146) was deficient under Local Rule 37-1 and afforded Plaintiffs to and including November 6, 2025, to file an amended certification (ECF 152). Plaintiffs timely did so (ECF 162), making the motion ripe for ruling.

---

[1] These discovery requests seek Microsoft Team Communications among staff at Defendants' facility where William Harris was admitted. (ECF 148-3 at 6). Defendants raised various objections in response to these discovery requests, including privilege, and produced a privilege log. (*Id.*; ECF 148-4 at 2; ECF 148-9 at 1-2). Subsequently, in an effort to resolve the discovery dispute, Plaintiffs disclosed the Affidavit of Keva Swopes to Defendants, which described certain Microsoft Team Communications concerning William Harris and suicidal ideation. (*See* ECF 147 at 4; ECF 148-1). Defendants responded on July 18, 2025, stating they were "unable to find any of the alleged team communications referenced in the Swopes Affidavit." (ECF 147 at 14; ECF 148-10). Defendants reiterate this position in their response brief to the motion to compel, stating "they are not in possession of, nor do they have control over, the requested documents and information. Defendants cannot produce what they do not have." (ECF 150 (citations omitted)).

Defendants' untimeliness argument is appropriate. On March 18, 2024, the Court entered a Scheduling Order and Memorandum of Preliminary Pretrial Conference ("Scheduling Order"), setting the following relevant deadlines: December 29, 2024, for completion of all discovery, and January 29, 2025, for filing dispositive motions. (ECF 70). The Scheduling Order stated that these deadlines "may be modified only for good cause and with the judge's consent pursuant to Fed. R. Civ. P. 16(b)(4)[,]" and further cautioned the parties as follows:

> [T]he last date to file any discovery-related nondispositive motion shall be 30 days prior to the discovery deadline. *No motion to extend discovery or to continue other pretrial deadlines will be approved after this motion deadline absent extraordinary reasons*. Accordingly, the parties are advised to complete timely discovery and, if necessary, file any motion to continue pretrial deadlines, *motion to compel*, or such motions that may impact the schedule well enough in advance of this motion deadline to permit any necessary briefing and time for the court to rule.

(*Id.* (emphasis added)). After affording the parties several extensions, fact discovery closed in this case on July 21, 2025; and expert discovery closed on September 4, 2025 (ECF 120, 141),[2] making any motion to compel due by August 4, 2025, at the latest. As stated earlier, Plaintiffs did not file the instant motion to compel until October 7, 2025. (ECF 145).[3]

Notably, Plaintiffs do not even acknowledge Defendants' untimeliness argument in their briefs, much less attempt to set forth "extraordinary reasons" for filing the motion to compel after the deadline in the Scheduling Order. In fact, they do not mention the relevant deadline at all. This rings the death knell for Plaintiffs' motion, as "[c]ourts have a legitimate interest in ensuring that parties abide by scheduling orders to ensure prompt and orderly litigation."

---

[2] On July 22, 2025, the Court extended expert discovery to and including September 4, 2025, solely for the limited purpose of concluding the deposition of Plaintiffs' expert witness, Dr. Robert Gregori. (ECF 141).

[3] On November 4, 2025, the operative dispositive motions deadline (ECF 143), Defendants filed a motion for summary judgment (ECF 153), which remains pending.

2

*Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 851 (7th Cir. 2002) (citation omitted). "The court must set prescribed times, dates, and deadlines, and the attorneys must respect and comply with these deadlines, which need to be enforced if the court is going to properly manage its calendar." *Rice v. City of Chicago*, 333 F.3d 780, 785 (7th Cir. 2003); *see, e.g.*, *Toddco, Inc. v Nextel West Corp.*, No. 02-1604, 2005 WL 8170112, at *2 (N.D. Ind. Jan. 4, 2005) (denying the plaintiff's motion to compel as untimely under the court's scheduling order).

Because Plaintiffs' motion to compel was filed after the relevant deadline in the Court's scheduling order, and Plaintiffs fail to offer "extraordinary reasons" for the untimely filing as required by the Scheduling Order, the motion to compel (ECF 145) is summarily DENIED.

SO ORDERED.

Entered this 12th day of November 2025.

                                              /s/ Andrew L. Teel  
                                              Andrew L. Teel  
                                              United States Magistrate Judge