UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONNA HARRIS, et al.,

    Plaintiffs,

    v.

LANDMARK RECOVERY OF CARMEL
LLC, et al.,

    Defendants.

Case No. 3:23-CV-862-CCB-ALT

## OPINION AND ORDER

Plaintiffs Donna Harris and Banza P. Townsend have sued Defendants

Landmark Recovery of Carmel, LLC, Landmark Recovery of Louisville, LLC, and

Landmark Recovery Management Company, LLC, alleging a variety of survival action

and wrongful death claims. Defendants have moved for summary judgment on all

claims.

### BACKGROUND

This case arises from the suicide of Decedent William J. Harris, who was a

patient at a substance abuse facility ("Facility") located in Mishawaka, Indiana that was

owned and managed by Defendants Landmark Recovery of Carmel, LLC, Landmark

Recovery of Louisville, LLC, and Landmark Recovery Management Company, LLC.

(ECF 39 at 1–3). Mr. Harris was a patient at the Facility from June 19, 2023 until his

death on July 9, 2023. (*Id.*). Plaintiffs Donna Harris and Banza P. Townsend have sued

Defendants as the personal representatives of Decedent's estate, alleging various

survival action (Counts 1–4) and wrongful death (Counts 5–7) claims under Indiana law. Defendants have now moved for summary judgment on all claims. (ECF 153).

### STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

To determine whether a genuine dispute of material fact exists, the court must review the record, construing all facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). The court must not "sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). The court does not have to conduct research or develop arguments for parties either. *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011); *see also United States v. Beavers*, 756 F.3d 1044, 1059 (7th Cir. 2014) ("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived.").

"To defeat a motion for summary judgment, the non-moving party cannot rest on the mere allegations or denials contained in his pleadings, but must present sufficient evidence to show the existence of each element of its case on which it will bear

the burden at trial." *Robin v. Espo Eng'g Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000) (internal quotations omitted), *overruled on other grounds by Ortiz v. Werner Enters., Inc.*, 834 F.3d 760 (7th Cir. 2016). "Summary judgment is not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (quotations omitted); *see also Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

**ANALYSIS**

## A. Wrongful Death Claims

Plaintiffs allege that Defendants' negligence makes them responsible for the death of William J. Harris. Indiana state law dictates that a personal representative may successfully hold another party liable for wrongful death when "the death of one is caused by the wrongful act or omission of another." Ind. Code Ann. § 34-23-1-1. Though this is a statutory cause of action, it incorporates the Indiana common law elements of negligence. *See Bazeley v. Price*, 14 N.E.3d 127, 130 (Ind. Ct. App. 2014). Thus, in order to show negligent wrongful death under Indiana law, a plaintiff must show that there was "(1) duty owed to plaintiff by defendant; (2) breach of duty by allowing conduct to fall below the applicable standard of care; and (3) compensable injury proximately caused by defendant's breach of duty." *Bazeley*, 14 N.E.3d at 130–31 (quoting *King v. Ne. Sec., Inc.,* 790 N.E.2d 474, 484 (Ind. 2003)).

The parties contest whether Defendants had a duty, and whether Mr. Harris' actions were foreseeable. But the Court does not need to decide those questions,

3

because Indiana law is clear that in cases like this, an intentional act of suicide cuts off the chain of proximate cause liability as a matter of law.

Under Indiana law, an act is a proximate cause if it is "a natural and probable consequence, which in the light of the circumstances, should have been foreseen or anticipated." *Bader v. Johnson*, 732 N.E.2d 1212, 1218 (Ind. 2000). Indiana law also recognizes the doctrine of intervening cause. An intervening cause "legally breaks the chain of causation and relieves the original wrongdoer of responsibility." *Vernon v. Kroger Co.*, 712 N.E.2d 976, 981 (Ind. 1999). Generally, the question of intervening cause is a factual determination, in which the jury must determine whether the intervening conduct or occurrence was reasonably foreseeable by the defendant. *Briesacher v. Specialized Restoration & Const., Inc.*, 888 N.E.2d 188, 194 (Ind. Ct. App. 2008) (citing *Nat'l R.R. Passenger Corp. v. Everton by Everton*, 655 N.E.2d 360, 366–367 (Ind. Ct. App. 1995)).

But in cases of intentional suicide, the Indiana Supreme Court has held that in common law cases, "suicide constitutes an intervening cause, *as a matter of law*, if committed by one who is sane enough to realize the effect of his actions." *Hooks SuperX, Inc. v. McLaughlin*, 642 N.E.2d 514, 520 (Ind. 1994) (emphasis added) (citing *Kimberlin v. DeLong* (1994), Ind., 637 N.E.2d 121)).[1] In other words, the suicide is automatically an intervening cause if it was "voluntary" and "willful." *Best Homes, Inc. v. Rainwater*, 714 N.E.2d 702, 706 (Ind. Ct. App. 1999).

---

[1] Plaintiffs severely mis-state the holding of this case, asserting that it held "suicide is intervening only if wholly unforeseeable." (ECF 169 at 13).

4

Here, Plaintiffs have not created a genuine issue of material fact as to whether the suicide was voluntary and willful. There appears to be no dispute that it was. Plaintiffs' own expert conceded as such. (ECF 155-2 at 4). Thus, Mr. Harris' suicide was an intervening cause as a matter of law. *See McLaughlin*, 642 N.E.2d at 520.

Plaintiffs argue that Defendants are still liable because Mr. Harris' intentional suicide was foreseeable. (ECF 169 at 13–14). But the Indiana Supreme Court's declaration that suicide is an intervening cause as a *matter of law* forecloses this argument—if there is no dispute about whether the suicide was voluntary and willful, the factual analysis ends. *See McLaughlin*, 642 N.E.2d at 520.

There is an exception to this rule. Indiana courts have consistently recognized that in the context of *involuntary* custodial confinement such as prisons and psychiatric wards, the custodian has a duty to "take reasonable steps" to prevent even intentional self-harm if it is foreseeable. *Sauders v. Cnty. of Steuben*, 693 N.E.2d 16, 18 (Ind. 1998); *Fowler v. Norways Sanitorium*, 42 N.E.2d 415, 417 (1942); *Breese v. State*, 449 N.E.2d 1098, 1101 (Ind. Ct. App. 1983). But those cases were explicitly limited to the context of involuntary custodial confinement. *See Sauders v. Cnty. of Steuben*, 693 N.E.2d 16, 17 (Ind. 1998). At the same time, Indiana courts have declined to extend this type of analysis to voluntary medical care, holding, for example, that "a health care provider [should not] be liable for failing to protect the patient from her own intentional acts." *Lockett v. Planned Parenthood of Indiana, Inc.*, 42 N.E.3d 119, 137 (Ind. Ct. App. 2015) (citing *McSwane v. Bloomington Hosp. & Healthcare Sys.*, 916 N.E.2d 906, 910 (Ind. 2009)).

Here, there is no genuine issue of material fact as to whether Mr. Harris was subject to involuntary confinement, or whether his suicide was involuntary or unwilful. Thus, according to Indiana law, Plaintiffs cannot show proximate cause and the wrongful death claim against Defendants fails. Judgment as a matter of law is appropriate. *See Bazeley*, 14 N.E.3d at 130–31.

### B. Survival Statute Claims

The parties also dispute whether or not Plaintiffs can make any separate "survival" claims in addition to the wrongful death claims. Under Indiana law, survival claims are appropriate only when the plaintiffs allege injuries separate from those that caused the death itself. Ind. Code Ann. § 34-9-3-4; *Scully v. Armstrong*, 646 F. Supp. 213, 216 (N.D. Ind. 1986).

Here, Plaintiffs have not created any genuine issue of material fact as to whether Mr. Harris had pre-death injuries separate from the death itself. Plaintiffs assert in briefing that he had pre-death injuries that "persisted for days," but they cite no evidence in the record to support this. (ECF 169 at 17). Moreover, Plaintiffs' written discovery response to a request for Mr. Harris' injuries stated merely that "he is deceased." (ECF 155-3 at 2). Nor do Plaintiffs point to any other evidence suggesting that Mr. Harris had separate pre-death injuries. Thus, there is no genuine issue of material fact as to whether Mr. Harris had any pre-death injuries that would enable a claim under the Indiana Survival Statute, and Plaintiffs' claim under the statute is properly dismissed. *See Reeder v. Harper*, 788 N.E.2d 1236, 1243 (Ind. 2003) (citing Ind. Code Ann. § 34-9-3-4 (a)).

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion for summary judgment. (ECF 153). Plaintiffs' claims are **DISMISSED**. The clerk is **DIRECTED** to close this case.

SO ORDERED on August 3, 2026.

_/s/ Cristal C. Brisco_
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT